

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

March 23, 2022

<u>**VIA ECF**</u>
Honorable Kenneth M. Karas
United States District Judge
United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

> Re:    *United States v. Sharon King*, 06 Cr 311 (KMK)

Dear Judge Karas:

The Government writes to oppose defendant Sharon King's motion for early termination of supervised release.  (Dkt. 253).

By way of background, on July 28, 2008, at the conclusion of a jury trial, King was convicted of four counts in a six-count second superseding indictment (the "Indictment"). Specifically, King was convicted of Count 1:  conspiring to distribute 5 kilograms and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), and a quantity of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D); Count 3:  possessing with intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(B); Count 4:  possessing with intent to distribute a detectable amount of marijuana, in violation of  21 U.S.C. § 841(b)(1)(D); and Count 5:  carrying a firearm in connection with the drug trafficking charged in the three counts just described, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Doc. No. 84.  On December 9, 2008, King was sentenced to 121 months' imprisonment for Counts 1 and 3; 60 months' imprisonment for Count 4; and 0 months' imprisonment on Count 5; with all counts to run concurrently, for a combined total of 121 months' imprisonment.  *Id.*[1]

King appealed the conviction and the Government cross-appealed the District Court's decision to make the sentence under 18 U.S.C. § 924(c) run concurrent to the other counts.  Doc. Nos. 85 and 88.  As a result of the appeal, the judgment of conviction was affirmed, but the case was remanded back to the District Court for re-sentencing in light of *Abbott v. United States*, 131 S. Ct. 18 (2010).  Doc. No. 106.

---

[1] Ms. King thereafter filed motions to vacate or set aside her conviction and sentence under 28 U.S.C. § 2255 (Doc. No. 145), to modify her sentence pursuant to *United States v. Booker*, the First Step Act, and the Second Look Initiative (Doc. No. 225), and other motions for compassionate release (Doc. No. 234, 240).  These motions were denied. Further details regarding the lengthy procedural history of this case are set forth in the Government's letter dated February 10, 2020 (Doc. No. 230).

On October 12, 2012, this Court resentenced King in accordance with the Second Circuit's remand, and specifically the Supreme Court's decision in *Abbott*.  The Court imposed the mandatory minimum of 120 months on Count 1, the mandatory minimum of 60 months on Count 3, 60 months on Count 4, and the mandatory minimum of 60 months on Count 5.  In addition, the Court made the sentences on Counts 1, 3, and 4 run concurrent, but, as required by *Abbott*, made the sentence on Count 5 run consecutive, for a total sentence of 180 months.

Thereafter, Ms. King filed several motions for post-conviction relief, including a motion to vacate or set aside her conviction and sentence under 28 U.S.C. § 2255.  Doc. No. 145.  Part of Ms. King's Section 2255 motion relied on a claim that defense counsel never communicated a plea offer or properly explained her sentencing exposure.  This Court held a hearing, during which both Ms. King and Ms. King's counsel testified, after which the Court denied Ms. King's motion.  Doc. No. 169.

On February 19, 2021, President Trump granted Ms. King clemency, commuting Ms. King's prison sentence to time served and leaving intact and in effect the five-year term of supervised release, with all its conditions.  Doc. No. 247.  Ms. King was placed on supervised release on January 20, 2021, and is scheduled to complete her term of supervised release on January 19, 2026.

King's motion argues that her supervised release should be terminated because (1) it affects her ability to travel outside of the state to visit her grown children more regularly, (2) although she has a full-time job, she has had to turn down other employment opportunities that require out of state travel, and (3) she has demonstrated compliance in the one year she has completed of her five-year term of supervised release.  (Dkt. 84).

The Government has conferred with Probation Officer Zondra Jackson, who supervises Ms. King in the Southern District of New York.  Officer Jackson reported that Ms. King has been compliant with the terms of her supervised release.  However, Officer Jackson explained that given the seriousness of Ms. King's conviction and the fact that she has only served a little over 20% of her supervised release term, Probation opposes terminating Ms. King's supervision at this time.  Officer Jackson has also indicated that Ms. King has not requested that Probation authorize her to travel out of the state in connection with visiting her children and has not informed Probation of employment opportunities that she has allegedly turned down because of the need to travel out of state.

Under 18 U.S.C. § 3583(e)(1), the Court may, after considering certain factors set forth in § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *see also United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010).  Early termination is "[o]ccasionally" justified when "changed circumstances—for instance, exceptionally good behavior by the defendant"—render the previously imposed term "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

Here, while Ms. King's compliance with the terms of her supervised release is certainly commendable, she has not established a sufficient basis for the termination of her supervised release, particularly given that she has only served one year of her five-year term of supervised release.  Good behavior on and compliance with the terms of supervised release does not by itself justify early termination.  If it did, "the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).  Courts in this Circuit routinely have held that a "defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Flores*, No. 99 Cr. 1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010); *see also United States v. Bouchareb*, 76 F. Supp. 3d 478, 480 (S.D.N.Y. 2014) (concluding that defendant "has not presented an exceptional case warranting early termination of supervised release" where nothing in defendant's submission "rises to the level of a special, extraordinary, or unforeseen circumstance that distinguishes [defendant] from other compliant defendants on supervised release" (citation and internal quotation marks omitted)); *United States v. Berrios*, No. 95 Cr. 84 (PKL), 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (denying early termination of supervised release for defendant, where the court expressed pleasure with compliance, good attitude, and work ethic but noted that the defendant "ha[d] done nothing more than what is expected of all criminal defendants" (citation and internal quotation marks omitted)); *United States v. Liriano*, No. 91 Cr. 908 (JFK), 2010 WL 532517, at *1 (S.D.N.Y. Feb. 11, 2010) (noting that defendant had secured employment and complied with terms of supervised release but concluding that "[defendant's] is not the exceptional case warranting early termination of supervised release").  The defendant has made no showing that her behavior on supervised release has been so exceptional or extraordinary as to warrant early termination, particularly termination so early in the term of her supervised release.

What's more, the principal basis for the motion is that travel restrictions associated with supervised release hamper Ms. King's ability to visit her adult children and undertake other unspecified employment opportunities.  But Ms. King has not raised these issues with her Probation Officer.  When a specific need for travel arises, Ms. King, like anyone else on supervised release, could raise it with her Probation Officer and then this Court.  Requests to travel for work or important family events while on supervised release are often granted.  It is King's failure to raise this issue, and not the condition itself, that is preventing her from traveling for important family events, and this therefore is not a basis to terminate supervision.  Ms. King has expressed an interest to her Probation Officer in traveling to Jamaica, which the Government has concerns about given that this is where Ms. King's co-defendant is believed to reside.

Finally, the five-year term of supervised release that the Court imposed was an important and statutorily mandated component of the defendant's sentence—a sentence warranted in light of the serious criminal conduct.  For years, she participated in a significant narcotics conspiracy that involved more than five kilograms of cocaine and the use of firearms in connection with drug trafficking.  Of particular concern is the fact that law enforcement found a significant quantity of drugs and guns in the house where Ms. King and her young children were living at the time.  While her prior sentence was later commuted, the term of her supervised release was left intact.  The Government is pleased to learn that Ms. King has secured employment and is attending therapy and a parenting skills class, and certainly hopes that Ms. King will continue pursuing these endeavors.  However, the Government respectfully submits that Ms. King should remain on

supervised release beyond the one-year term she has already served as a way to further ensure that this progress continues and becomes a new way of life for Ms. King.

## **CONCLUSION**

For the foregoing reasons, King's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _Courtney Heavey_____
Courtney L. Heavey
Assistant United States Attorney
(914) 993-1927

cc:  Zondra Jackson (United States Probation Officer)
     Sharon King (by certified mail)