Honorable Judge Kenneth Karas
300 Quarropos Road
White Plains NY 10601
Docket Cr:06-311
June 14,2024

To Honorable Judge Karas,

I am writing to express my deepest remorse and take accountability for the burden I placed on the United States of America, my children and family for the crime I committed in 2005. I am aware of the detrimental effects this crime has caused my family, community, and myself. I take full responsibility for the choices I made and the subsequent consequences.

Serving almost thirteen years in prison has caused significant and lasting effects on my children.
As a mother, being separated from my children during their crucial years of development is one of the biggest consequences of my actions. My daughters and son were deprived of a mother and father's guidance during their formative years, and this absence has left a lasting impact on their emotional well-being and sense of security.

Since my release, I have worked tirelessly to rebuild my life and provide for my children. I am currently employed and strive to put both my daughters through college. This has been a challenging journey, but it is one I am fully committed to. The struggle to make ends meet meanwhile ensuring my daughters receive a good education is a daily reminder of the consequences of my past actions. Despite these challenges, I am determined to give them a better future and break the cycle of hardship caused by my mistakes. I am deeply sorry for my actions and the pain it's caused to so many people. I have taken every opportunity to better myself developing a strong sense of personal responsibility and integrity.

I understand the far-reaching impact of my actions. I hope that my sincere remorse and efforts to lead a law-abiding, responsible life since my release have demonstrated my dedication to personal growth and rehabilitation.

Your Honor, Thank you for taking the time to read my letter. I deeply regret the harm I have caused and am committed to making amends and lead a life that honors the values of integrity and responsibility.

Respectfully submitted,

Sharon King
2759 Cruger Ave
Bronx Ny 10467

Application for early termination of supervised release is denied. The expressions of remorse are insufficient to justify early release, are Ms. King's claims of hardship. Ms. King was convicted of committing serious crimes, including the possession of firearms (stored near children) related to a significant narcotics distribution operation. Releasing her early, even noting her compliance with the conditions thus far, will undermine respect for the law and general deterrence. The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.
8/11/24

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Case # 7:06-CR-0311-3

UNITED STATES OF AMERICA,

Vs.

SHARON KING,

        Defendant.

## DEFENDANT'S RENEWED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**MAY IT PLEASE THIS HONORABLE COURT, NOW COMES,** Defendant Sharon King in pro se representation and respectfully move this Honorable Court for a GRANT terminating supervised release, pursuant to Title 18 U.S.C. Section 3583(e) and Federal Rules of Criminal Procedure 32.1(c).

While the governing Rules of Criminal Procedure in most cases requires a hearing, King explicitly and unequivocally waives any such hearing in the instant matter provided that the Government is given an opportunity to concur and/or state its objections to the requested relief. Accordingly, the Court can dispose of such matter expeditiously based on the papers submitted.

## PROCEDURAL HISTORY

For purposes of brevity, King assumes the Court's familiarity with the facts of this case which need not be reiterated herein except as relevant to King's renewed motion. On or about December 09, 2022, King filed a pro se motion for Early Termination of Supervised Release, Dkt. # 255, which the Court subsequently denied. Dkt. # 258.

Prior to said filing, King had prematurely filed a Motion for Early Termination. Dkt, # 253, which was opposed by the Government. Dkt. # 254.

## JURISDICTION

Title 18 U.S.C. Section 3583(e)(1) grants the Court authority to terminate a term of supervised release after one-year. Specifically, the statute provides in pertinent part:

> "[A]fter considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5),(a)(6), and (a)(7) – (1) Terminate a term of supervised release and discharged the defendant at any time after the expiration of one-year of supervised release." Id.

## ARGUMENT IN SUPPORT

Based on King's exemplary post sentencing conduct, King was the beneficiary of a pardon by President Trump based on a recommendation by the Bureau of Prisons and quite naturally the United States on January 20, 2021. King's exemplary conduct is not restricted solely to her incarceration but also to her release back into society as this Court noted in its Order denying termination of supervised release. See Dkt. # 258

The premise underlying the denial of King's initial motion, was that King had served less than 40% of the supervised release time and had not yet accepted

responsibility for the charged crime and most critically King's exemplary conduct by itself was not sufficiently adequate standing by itself to grant the relief sought. Dkt. # 258(quotations omitted). Without arguing, at sentencing, King apologized to the Court and her kids for the detrimental affect her actions had caused. However, for purposes of this motion, King has taken the opportunity to memorialize a formal letter accepting full responsibility. See Exhibit A.

This Court has recognized the efforts that King has taken to rehabilitate herself and become a productive member of society. In sum, it can safely be said that the goals of sentencing have been met in this case as reflective both by King's post sentencing and supervision conduct. Respectfully, King submits that further restrictions on her liberty is unwarranted at this juncture and a undue burden to the tax-paying society. The objectives of supervised release which is different from incarceration has been met and exceeded in this case.

(A) King has fully complied with the conditions of supervised release;

(B) King has not been convicted of a Federal or State crime during the

Term of supervised release; and

(C) King has not violated any conditions of supervised release in a

Manner that would justify revocation of supervised release.

## CONCLUSION

WHEREFORE, premises considered, King prays that this Honourable Court exercises its discretion and restore King to her full liberty in the interest of justice based on the facts and intervening change in the laws.

Respectfully submitted,

*Sharon King* (signature)

Sharon King

Sharon King
2759 Cruger Ave
Bronx N.Y. 10467

NEW YORK NY 100
16 JUL 2024 PM 7 L

United States District Court
White Plains Federal Court
Honorable Judge Kenneth Karas
300 Quarropas Road
White Plains NY 10601

